UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MAUREEN KELLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-17 |
| LLOYD & MCDANIEL, PLC, RESURGENT CAPITAL SERVICES, LP, ALEGIS GROUP LLC, and LVNV FUNDING, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Second Amended Complaint [DE 14] filed by the plaintiff, Maureen Keller, on April 15, 2019. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiff, Maureen Keller, initiated this matter on February 20, 2019, alleging violations of the Fair Debt Collection Practices Act (FDCPA). On April 3, 2019, Keller amended her complaint, as a matter of course, and specifically alleged that the defendants, Lloyd & McDaniel, PLC, Resurgent Capital Services, LP, Alegis Group LLC, and LVNV Funding LLC, violated 15 U.S.C. §§ 1692d-1692f of the FDCPA while attempting to collect a debt from her.

Keller has requested leave to file a second amended complaint. The proposed second amended complaint has alleged that on April 3, 2018, LVNV, through Lloyd & McDaniel (L&M), filed a complaint against Keller in Tippecanoe County Superior Court 1, in an attempt to collect a debt. On April 23, 2018, Keller was served with the summons and complaint of the

aforementioned lawsuit. On April 30, 2018, Keller spoke with an employee of L&M. Keller has alleged that during that conversation L&M used unfair means to attempt to collect the debt by making false statements and threatening action that it was neither intending to take nor would be legally permitted to take.

Keller seeks to add an additional violation of the FDCPA, specifically a violation of 15 U.S.C. § 1692g, for the defendants' failure to provide her with a written notice of the debt within five days after the parties' initial communication that allegedly took place on April 30, 2018. L&M filed an objection to Keller's motion on April 29, 2019, and Keller filed a reply on May 1, 2019.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Because pleadings merely serve to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** ***Jackson v. Rockford Hous. Auth.***, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" ***Winters v. Fru–Con, Inc.***, 498 F.3d 734, 741 (7th Cir. 2007) (citations omitted).

Leave to amend properly may be denied at the district court's discretion for undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ***Foman v. Davis****,* 371 U.S. 178, 182, 83 S. Ct. 227,

230, 9 L. Ed. 2d 222 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002) (quoting *Bethany Pharmacal Company v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *see also Ghandi*, 721 F.3d at 869 (explaining that proposed fourth amended complaint contained inadequacies and did not properly plead fraud claims). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See Wright & Miller*, 6 Federal Practice & Procedure 1487, at 637642 (2d ed. 1990) (If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend). Additionally, a motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 876 (7th Cir. 2011).

Keller's proposed second amended complaint asserts a claim under 15 U.S.C. § 1692g. Under **15 U.S.C. § 1692g,** a debt collector is required, within five days after an initial communication between a creditor and a debtor, to send written notice to the debtor containing, *inter alia*, the amount of debt and name of the creditor to whom the debt is owed. L&M contends that Keller's claim under § 1692g is futile. L&M has argued that the proposed second amended complaint does not allege when or what was the initial communication between Keller and L&M and that it has failed to plead any additional factual content that the statements made by the L&M employee "were not informational or ministerial responses to Keller's questions from a phone call that she initiated."

Keller contends that she has pled enough facts to state a claim under § 1692g. In the proposed second amended complaint, Keller has alleged that the initial communication between

herself and L&M took place on April 30, 2018, when she "spoke" to an employee. The L&M employee told her that the next step would be to obtain a judgment, a judgment would add court costs and fees, accruing at 8% interest, a lien would be placed on any property she owned until the debt was cleared, and that she had twenty days to find an attorney and file a written response. Keller asserts that the employee's statements "went much further than merely administrative responses of fact," were premised with "this is an attempt to collect a debt," and "threatened consequences for nonpayment." Therefore, Keller has claimed that the defendants violated § 1692g when she did not receive written notice within five days of the April 30, 2018, conversation between her and the L&M employee.

L&M has argued that the conversation between Keller and the employee does not qualify as the requisite "initial communication" that must take place in order for § 1692g to be invoked. L&M contends that Keller initiated the call, asked the employee questions, and that the employee simply provided her with informative responses. Therefore, the statements made by the employee during the call were "ministerial responses" and not in line with the collection of a debt. *(citing* **McElvenn v. Westport Recovery Corp.**, 310 F.Supp.3d 1374, 1380-1381 (S.D. Fl. 2018)). Additionally, L&M asserts that the proposed second amended complaint does not add or plead any additional facts to contradict that Keller initiated the call.

The Seventh Circuit has strayed away from the requirement that there be an explicit demand for payment made by a creditor to a debtor in order for the communication to be characterized as "in connection with a collection of any debt." **Bailey v. Security Nat. Servicing Corp.**, 154 F.3d 384, 388 (7th Cir. 1998); **Gburek v. Litton Loan Servicing LP**, 614 F.3d 380, 382 (7th Cir. 2010). In fact, there is no "bright-line" rule that establishes whether a communication between a debtor and creditor is an attempt to collect a debt for purposes of 15

U.S.C. § 1692g. ***Gburek***, 614 F.3d at 384. Rather, the court makes a "common sense" decision based on the following factors: "whether the communications contained a demand for payment, the nature of the parties' relationship, whether payments were past due, the purpose and context of the communication, and whether the debt collector made the communication to induce the debtor to settle the debt." ***Malik v. Kim***, 2016 WL 4709076, at 3 (N.D. Ill. Sep. 8, 2016); *see also **Gburek***, 614 F.3d at 385 (explaining that as long as a communication was made that would "specifically induce the debtor to settle her debt will be sufficient to trigger the protections of FDCPA").

In measuring whether Keller's proposed second amended complaint, in particular the added § 1692g claim, would in fact be futile, the court must determine if Keller has alleged enough facts to determine whether they plausibly give rise to an entitlement to relief. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Iqbal***, 556 U.S. at 678. The court finds that Keller has pled enough factual content for the court to reasonably assume that the conversation on April 30, 2018, was an "initial communication" for purposes of § 1692g, and that Keller would have felt compelled to "settle her debts" after speaking with the employee from L&M. *See **Gburek***, 614 F.3d at 384.

Based on the foregoing reasons, the Motion for Leave to File Second Amended Complaint [DE 14] is **GRANTED.** The plaintiff is **DIRECTED** to file the Second Amended Complaint as a separate docket entry within seven days of this Order.

ENTERED this 2nd day of July, 2019.

/s/ Andrew P. Rodovich  
United States Magistrate Judge